UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD HOGAN, individually and on behalf
of all others similarly situated,
HAROLD MORGAN, individually and on
behalf of all others similarly situated,
FREDERICK J. LAMPHERE, individually and on
behalf of all others similarly situated,
MAXINE SUTTON, individually and on behalf
of all others similarly situated,

Plaintiffs,

DECISION AND ORDER

06-CV-6513L

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

Defendant.

_____

This is a putative class action by three claimants, on behalf of themselves and others

similarly situated, whose claims for Social Security Disability Insurance and/or Supplemental

Security Income benefits were denied, in whole or in part, by former Administrative Law Judge

("ALJ") Franklin T. Russell.[2]  ALJ Russell retired from the Social Security Administration on

June 28, 2006.

Plaintiffs request a declaratory judgment that ALJ Russell was biased, and that his bias

and refusal to apply pertinent law deprived claimants of fair hearings on their claims, and

_____

[1] Plaintiffs' complaint names former Commissioner of Social Security Joanne B. Barnhart
as the defendant.  Michael J. Astrue, the current Commissioner, automatically is substituted as
the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

[2] A fourth named plaintiff, Maxine Sutton, died on August 15, 2008.  Plaintiffs have
requested that the action proceed only in the name of the three remaining plaintiffs.  (Dkt. #20).

violated their rights under the Social Security Act and the Fifth Amendment to the United States Constitution.  Plaintiffs also seek an injunction requiring the Commission to remand their cases for new hearings before different ALJs.[3]

The Commissioner now moves to dismiss the complaint (Dkt. #10), on the grounds that the Court lacks jurisdiction, and/or that plaintiffs' claims are untimely.  For the reasons discussed below, that motion is granted.

## INTRODUCTION

Each of the plaintiffs filed a claim for Social Security disability or income benefits which was denied by ALJ Russell.  Plaintiff Edward Hogan's claim was denied by ALJ Russell on January 25, 2002, which became the final decision of the Commissioner when the Appeals Council denied review on October 25, 2002.  Plaintiff Harold Morgan received an unfavorable decision from ALJ Russell on February 13, 2001, which became the final decision of the Commissioner when the Appeals Council denied review on June 28, 2001.  Frederick Lamphere's claim was denied by ALJ Russell on June 19, 1998, and review was denied by the Appeals Council on March 14, 2001.  None of the plaintiffs filed a timely appeal in federal court, or requested an extension of their time to do so.

Several years after their unfavorable decisions had become final, plaintiffs apparently became aware that other claimants had alleged that ALJ Russell was generally biased against claimants, and that the Commissioner had found that ALJ Russell was not following applicable regulations and policies.  Specifically, on September 13, 2004, this Court had remanded several consolidated Social Security appeals to the Commissioner for administrative proceedings concerning the plaintiffs' ("*Pronti* plaintiffs") common allegations of bias against ALJ Russell.  *See Pronti v. Barnhart*, 339 F. Supp. 2d 480 (W.D.N.Y. 2004) ("*Pronti I*").  After investigating

---

[3]  Plaintiffs' request for monitoring of ALJ Russell's "future" decisions is moot by virtue of ALJ Russell's retirement.  (Dkt. #9 at ¶8).

the matter, the Commissioner reported on November 30, 2005 that ALJ Russell had misinterpreted, misapplied and failed to follow Social Security Administration regulations and policies.  The Commissioner ordered that the *Pronti* plaintiffs' claims be remanded for new hearings before a different ALJ.  Moreover, the Commissioner remanded all other then-pending district court cases involving decisions by ALJ Russell for new hearings before a different ALJ. The Commissioner made no finding concerning claims that ALJ Russell was generally biased.

On August 3, 2006, finding that the Commissioner's remand had provided a remedy to the *Pronti* plaintiffs and declining to render an advisory opinion concerning their claims that ALJ Russell was generally biased, the Court dismissed the remaining actions.  *See Pronti v. Barnhart*, 441 F. Supp. 2d 466, 477 (W.D.N.Y. 2006) ("*Pronti II*").

## DISCUSSION

### I.        Jurisdiction

 Initially, I find that this Court has no basis to exercise jurisdiction over the plaintiffs' claims, outside of the limited jurisdiction afforded pursuant to 42 U.S.C. §405(g) and (h).

While plaintiffs allege that the Court may exercise federal question jurisdiction, the Supreme Court has conclusively held that 42 U.S.C. §405(h) precludes such jurisdiction for claims arising under the Social Security Act.  *See Shalala v. Illinois Council on Long Term Care*, 529 U.S. 1, 13-14 (2000).  *See also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("the inquiry in determining whether §405(h) bars federal-question jurisdiction must be whether the claim 'arises under' the Act, not whether it lends itself to a 'substantive' rather than a 'procedural' label").

Plaintiffs alternatively claim mandamus jurisdiction pursuant to 28 U.S.C. §1361, which is not precluded by 42 U.S.C. §405(h) in Social Security cases "where the writ would properly issue," *City of New York v. Heckler*, 743 F.2d 729, 739 (2d Cir. 1984), so long as a plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Pronti I*, 339 F. Supp. 2d 480 at 500, *quoting Heckler*, 466 U.S. 602 at 616.  Here, as

discussed in greater detail below, plaintiffs failed to exhaust all other avenues of relief when they

failed to timely appeal their unfavorable decisions.  As such, the exercise of mandamus

jurisdiction would be inappropriate.  *See Heckler*, 466 U.S. 602 at 616-617 (plaintiffs who have

not timely appealed the denial of claims pursuant to 42 U.S.C. §405(g) have not exhausted all

avenues of relief, and are not entitled to mandamus jurisdiction).

     Accordingly, the Court's jurisdiction in this matter is limited to the review of the

Commissioner's final decisions in the plaintiffs' underlying cases pursuant to 42 U.S.C. §405(g).

While conflicting authorities exist, the district court's jurisdiction under 42 U.S.C. §405(g) does

not, in my view, extend to engaging in independent fact-finding with regard to ALJ Russell's

alleged bias.  *See Grant v. Shalala*, 989 F.2d 1332, 1339-1344 (3d Cir. 1993) (a district court

lacks the authority to engage in its own fact-finding in a matter alleging ALJ bias, even where the

bias claim is brought as part of a class action).  *See also Pronti II*, 441 F. Supp. 2d 466 at 470,

477 ("federal courts are courts of limited jurisdiction [and the] power of federal courts to review

final decisions in Social Security matters is also limited by statute . . . I cannot, as plaintiffs

request, declare as a matter of law that ALJ Russell holds a general bias"); *Pronti I*, 339 F. Supp.

2d 480 at 497 ("I recognize that the Court's role in cases brought pursuant to 42 U.S.C. § 405(g)

is a limited one, and that the Court itself has no fact-finding role, in the first instance, to

determine questions of disability or bias"), *citing Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996).

     Mindful of these limitations, to the extent that plaintiffs' claims are, at heart, claims

seeking reversal and rehearing due to legal errors committed by ALJ Russell (whether motivated

by bias or otherwise), the Court will exercise its limited power to review the underlying decisions

pursuant to 42 U.S.C.  § 405(g).  That authority extends no further than the "power to enter, upon

the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the

- 4 -

decision of the Commissioner of Social Security, with or without remanding the cause for a
rehearing," with respect to plaintiffs' unfavorable decisions.  42 U.S.C.  § 405(g)[4]

## II.      Timeliness

A claimant wishing to appeal the denial of Social Security disability benefits by the
Commissioner must file a complaint seeking judicial review within sixty (60) days of the date
that the administrative decision becomes final.  For the instant plaintiffs, the underlying decisions
became final when the Appeals Council denied review.  42 U.S.C. §405(g).  Absent entitlement
to equitable tolling or other applicable equitable considerations, the sixty day statute of
limitations is generally enforced, and actions filed outside of it are dismissed.  *See e.g.*, *Wong v.*
*Bowen*, 854 F.2d 630, 631 (2d Cir. 1988); *Cruz v. Astrue*, 2012 U.S. Dist. LEXIS 12087
(E.D.N.Y. 2010).

Here, there is no dispute that the last of the administrative decisions relating to the three
plaintiffs became final on or about October 25, 2002, when the Appeals Council denied review
of Edward Hogan's claim.  This action was not commenced until October 16, 2006,
approximately four years later.  As a result, plaintiffs' claims are grossly untimely.

Plaintiffs argue that even though their claims appear to be untimely, the Court should
equitably toll their time to appeal, because at the time the denial of their claims became final, the
*Pronti* line of cases, and the Commissioner's investigative report finding that ALJ Russell had
misapplied applicable regulations, had not yet concluded and/or been published.  While there is
no indication that the Commissioner applied any secretive policy or actively concealed any of the
pertinent facts from the plaintiffs, plaintiffs contend that they failed to timely seek judicial review

---

[4]  While the Court also has the authority to review any final findings by the
Commissioner concerning ALJ Russell, *see Grant*, 989 F.2d 1332 at 1339-1344, plaintiffs do not
seek such relief here, or challenge the Commissioner's investigative findings.

because they had no reason to suspect, at the time of their unfavorable decisions, that they were tainted by ALJ Russell's "bias . . . and failure to follow applicable law . . ." (Dkt. #9 at ¶91).

The Court is not convinced that equitable tolling is merited here. Equitable tolling is "appropriate where [a] plaintiff was somehow prevented from learning of her cause of action within the statutory period." *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004). It "permits courts to deem filings timely where a litigant can show that '[s]he has been pursuing [her] rights diligently' and that 'some extraordinary circumstance stood in [her] way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). I find no extraordinary circumstance here justifying equitable tolling.

Here, plaintiffs do not claim that they were unaware of, or prevented from learning about, obvious legal bases upon which they could timely appeal. To the contrary, plaintiffs affirmatively argue that there were multiple errors of fact and law that were evident on the face of ALJ Russell's unfavorable decisions. (Dkt. #9 at ¶39 (ALJ Russell failed to give due weight to Hogan's treating physician); ¶56 (ALJ Russell failed to give due weight to the opinion of Morgan's treating physician); ¶¶65 -66 (ALJ Russell failed to give due weight to Lamphere's treating physician, and made factual findings that contradicted agency policy). Each of these errors could have formed the grounds for a timely appeal.

Instead, plaintiffs claim that their failure to file timely appeals should be excused because they were unaware of the potential strength of an *alternate* basis for appeal which they might have relied upon in addition to the identifiable legal errors, ALJ Russell's alleged bias.

Initially, to the extent that plaintiffs argue that the Commissioner's report and/or the *Pronti* cases alerted them for the first time to ALJ Russell's alleged general bias against claimants, it is worth emphasizing that neither the Court nor the Commissioner ever ruled squarely on the bias claim. While the Court's instructions upon remand were for the Commissioner to determine whether the bias claims were well-founded, the Commissioner's report conspicuously side-stepped the issue, finding only that "ALJ Russell failed to follow SSA

- 6 -

regulations, policies and procedures," and that "his explanations, admissions and rational reveal some fundamental misinterpretations and misapplications of Social Security regulations, agency policies and procedures, and the vital role of the adjudicator in the administrative process." *Pronti II*, 441 F. Supp. 2d 466 at 471.  The Court took note of the Commissioner's failure to comply with its directive to decide the bias issue head-on, but concluded that the error was, for the *Pronti* plaintiffs, harmless.  *Id*., 441 F. Supp. 2d 466 at 474.

Because neither the Commissioner nor this Court made any ultimate finding as to alleged bias on the part of ALJ Russell, the most that can be said is that *Pronti* and the Commissioner's investigation report alerted the instant plaintiffs to the fact that other claimants believed that ALJ Russell was biased and had submitted evidence to that effect, and that the Commissioner had found that ALJ Russell failed to properly follow regulations and procedures.

Plaintiffs admittedly already had ample evidence to file timely appeals from their own unfavorable decisions.  In fact, these alleged regulatory and procedural errors were of the same type that Commissioner's investigation later identified.  The fact that subsequent to their cases being decided, other, unrelated plaintiffs filed claims alleging error based on general bias, does not warrant allowing the instant plaintiffs to pursue belated appeals.  In short, the fact that plaintiffs now believe that they have an *additional* basis to appeal simply does not warrant an extension of their initial time to do so.  *See Paige v. Police  Dep't of the City of Schenectady*, 264 F.3d 197, 199 (2d Cir. 2001) (denying equitable tolling where, although corroborative evidence was wrongfully concealed from plaintiff, plaintiff nonetheless had sufficient facts to commence a timely action and failed to do so).

Because plaintiffs have failed to demonstrate that equitable considerations merit tolling of the 60-day statute of limitations applicable to their claims, those claims are untimely and must be dismissed.

CONCLUSION

The Commissioner's motion to dismiss the complaint for lack of jurisdiction and untimeliness (Dkt. #10) is granted, and the complaint is dismissed, with prejudice.  Plaintiffs' motion for class certification (Dkt. #3) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 1, 2012.